

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Emilia Iris Martínez Díaz<br><br>Recurrida<br><br>v.<br><br>Estado Libre Asociado de Puerto Rico<br><br>Peticionario | Certiorari<br><br>2011 TSPR 116<br><br>182 DPR \_\_\_\_ |

Número del Caso: CC - 2008 - 719

Fecha: 9 de agosto de 2011

Tribunal de Apelaciones:

      Región Judicial de San Juan y Humacao Panel V

Juez Ponente:

      Hon. Guillermo Arbona Lago

Oficina de la Procuradora General:

      Lcda. Rosa Elena Pérez Agosto
      Procuradora General Auxiliar

Abogado de la Parte Recurrida:

      Lcdo. Marco Rosado Conde

Materia: Hostigamiento Sexual

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Emilia Iris Martínez Díaz

    Recurrida

       v.

                         CC-2008-719

Estado Libre Asociado de Puerto Rico,

    Peticionario

Opinión del Tribunal emitida por la Juez Asociada señora Rodríguez Rodríguez

San Juan, Puerto Rico, a 9 de agosto de 2011

      Nos corresponde resolver si un veredicto y fallo emitido por un jurado federal en un caso de hostigamiento sexual instado bajo el Título VII de la Ley Federal de Derechos Civiles, surte efecto de cosa juzgada sobre una reclamación posterior por los mismos hechos presentada ante el Tribunal de Primera Instancia, bajo las leyes de discrimen por género y hostigamiento sexual del Estado Libre Asociado de Puerto Rico.

I

La Sra. Emilia Iris Martínez Díaz comenzó a trabajar como pagadora auxiliar para la Comisión Industrial de Puerto Rico ("Comisión Industrial") en 1988. Mientras trabajó en la oficina de Humacao, su supervisor fue el licenciado Héctor Torres Catalán quien ocupaba el puesto de Director de la Oficina Regional de Humacao. En 1995, la Sra. Martínez Díaz informó a la oficina central de la Comisión Industrial que desde 1992 era víctima de un patrón de hostigamiento sexual por parte de su supervisor. Luego de recibir asesoramiento de la Comisión de Asuntos de la Mujer, acudió a la división legal de la Comisión Industrial para presentar una queja contra el Lcdo. Torres Catalán. Aunque se inició una investigación administrativa, no se tomaron medidas cautelares para prevenir que la alegada conducta hostigadora continuara.

Como resultado de la investigación administrativa, se rindió un informe en el cual se recomendó iniciar el procedimiento formal de querella en contra del Lcdo. Torres Catalán. Posteriormente, a éste se le notificó una querella administrativa por los hechos alegados por la Sra. Martínez Díaz. Oportunamente y luego de las vistas de rigor, el oficial examinador preparó un informe final en el cual concluyó que el Lcdo. Torres Catalán había incurrido en conducta constitutiva de hostigamiento sexual.

El 1 de abril de 1997, la Sra. Martínez Díaz presentó una demanda en el Tribunal de Distrito de Estados Unidos

para el Distrito de Puerto Rico contra la Comisión Industrial de Puerto Rico y el Estado Libre Asociado por violaciones a la Ley Federal de Derechos Civiles, Título VII, Pub. L. No. 88-352, 78 Stat. 241 (1964) (en adelante "Título VII"). Además, solicitó que el tribunal ejerciera jurisdicción accesoria sobre sus reclamos bajo la Ley Contra el Discrimen en el Empleo por Razón de Sexo, Ley Núm. 69 de 6 de julio de 1985, 20 L.P.R.A. sec. 1321 *et seq.* ("Ley Núm. 69"), y la Ley para Prohibir el Hostigamiento Sexual en el Empleo, Ley Núm. 17 de 22 de abril de 1988, 29 L.P.R.A. sec. 155 *et seq.* ("Ley Núm. 17").

Luego de iniciado el procedimiento en el tribunal federal, el Estado Libre Asociado solicitó la desestimación de las causas de acción que surgían de las leyes de Puerto Rico. Oportunamente el foro federal las desestimó sin perjuicio. El foro federal resolvió que la Enmienda Once de la Constitución de Estados Unidos le privaba de jurisdicción para atender las reclamaciones bajo las leyes de Puerto Rico, ya que la Comisión Industrial era un ente gubernamental y porque Puerto Rico no había consentido a ser demandado en el foro federal bajo las leyes invocadas por la demandante en su reclamación federal.

El caso prosiguió en cuanto a la reclamación bajo el Título VII y culminó con un veredicto desfavorable para la demandante. La pregunta que enfrentó el jurado al

deliberar fue si entendían que la demandante debía prevalecer y su respuesta fue en la negativa.[1]

Una vez culminó el juicio en la esfera federal, la Sra. Martínez Díaz instó una demanda al amparo de la Ley Núm. 17 y la Ley Núm. 69 en el Tribunal de Primera Instancia contra la Comisión Industrial y el Estado Libre Asociado de Puerto Rico a base de los mismos hechos alegados en la demanda federal. El Estado presentó varias mociones de desestimación bajo el fundamento de cosa juzgada en su modalidad de impedimento colateral por sentencia ya que el reclamo en el tribunal de instancia se basaba en hechos que habían sido adjudicados en el foro federal. El Tribunal de Primera Instancia declaró sin lugar las peticiones del Estado.

Así las cosas, se celebró la vista en su fondo y el foro de instancia dictó sentencia declarando con lugar la demanda por hostigamiento sexual y condenó al Estado Libre Asociado al pago de $133,000.00 por los daños sufridos y $17,000.00 para honorarios de abogado, además de las costas. Inconforme, el Estado apeló ante el Tribunal de Apelaciones.

Posteriormente, el Tribunal de Apelaciones dictó sentencia en la que confirmó al foro primario. El tribunal intermedio expresó que la doctrina de cosa juzgada en su variante de impedimento colateral por sentencia no era inflexible y su aplicación no era

---

[1] El formulario del veredicto leía: "Do you find in favor of the Plaintiff? ___Yes ___No". Apéndice, pág. 52.

automática. El tribunal expresó que en litigios que involucran asuntos de alto interés público, un tribunal tiene discreción para negarse a aplicarla. Ese foro concluyó que éste, era uno de esos casos.

Aún insatisfecho, el Estado presentó un recurso de *certiorari* ante esta Curia. Acordamos expedir. Ambas partes han comparecido por lo que pasamos a resolver.

II

A

Este caso requiere que nos expresemos, principalmente, sobre la aplicación interjurisdiccional de la doctrina de cosa juzgada en la modalidad de impedimento colateral por sentencia. Recientemente sostuvimos que las normas jurídicas "que determinan el efecto de la sentencia federal … varían." *Santiago León v. Mun. San Juan*, res. 7 de octubre de 2009, 2009 T.S.P.R. 153, 177 D.P.R. ____ (2009). Así, en aquellas circunstancias donde la sentencia cuyo efecto preclusivo se reclama la dictó el foro federal en un caso donde asumió jurisdicción bajo la doctrina de cuestión federal, será la normativa federal sobre cosa juzgada la que se aplicará al planteamiento esbozado para impedir que se litigue nuevamente en el foro estatal. *Santiago León v. Mun. San Juan*, *ante*. Véase además, *Ramos González v. Félix Medina*, 121 D.P.R. 312, 327 (1988). Véase también, *Blonder-Tongue Lab. v. Univ. of Ill. Found.*, 402 U.S. 313, 325 (1971); Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure*, West Group, 2da

ed., Vol. 18B, sec. 4468. Por el contrario, cuando el foro federal asumió jurisdicción por diversidad de ciudadanía, el efecto de cosa juzgada del dictamen federal se evaluará conforme la normativa estatal de la defensa de cosa juzgada. Véase, *Díaz v. Navieras de P.R.*, 118 D.P.R. 297, 303 (1987); Wright, Miller & Cooper, *op. cit.* De esta forma se logra "preservar la supremacía y finalidad de la decisión inicial basada en las leyes del foro que la dictó." *Santiago León v. Mun. San Juan*, *ante.*

Tomando en cuenta lo anterior, es evidente que el planteamiento del Estado en este caso debe atenderse bajo los parámetros establecidos en la doctrina federal de *res judicata* ya que la jurisdicción federal se basó en una cuestión federal, específicamente, en el contenido y alcance de las disposiciones del Título VII de la Ley de Derechos Civiles.

B

En el ámbito federal, la sombrilla de *res judicata* agrupa las doctrinas de cosa juzgada (*claim preclusion*) e impedimento colateral (*issue preclusion*). *Santiago León v. Mun. San Juan*, *ante.* El Tribunal Supremo de Estados Unidos ha definido la vertiente de *claim preclusion* o cosa juzgada de la doctrina de *res judicata,* como aquel impedimento que imposibilita litigar nuevamente una misma causa de acción ya resuelta, incluyendo cualquier otra acción o defensa que debió o pudo haber planteado en el pleito original y en el que ya recayó sentencia. Por otro lado, la vertiente de impedimento colateral de la doctrina

de *res judicata* se refiere al impedimento de relitigar una cuestión de hecho o de derecho que ya se planteó y se resolvió en un pleito anterior, y cuya resolución fue medular o esencial al asunto resuelto en el pleito inicial. *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008); *New Hampshire v. Maine*, 532 U.S. 742, 748-49 (2001). Véase también, Wright, Miller & Cooper, *op. cit.*, secs. 4406 y 4416; Moore's Federal Practice, *Claim Preclusion and Res Judicata*, 3ra ed., Matthew Bender, 3ra ed., Vol. 18, sec. 131.13[1].

La doctrina federal de cosa juzgada o *claim preclusion* aplica cuando entre el primer pleito y el segundo existe: (1) identidad de partes; (2) identidad de causas de acción; y (3) una sentencia final resuelta en los méritos. *Haag v. United States*, 589 F.3d 43, 45 (1$^{er}$ Cir. 2009); *González v. Banco Cent. Corp.*, 27 F.3d 751, 755 (1$^{er}$ Cir. 1994). Al determinar si existe identidad de causas de acción, debemos preguntarnos si ambas reclamaciones se basan en la misma transacción o núcleo de hechos. *AVX Corp. v. Cabot Corp.*, 424 F.3d 28, 31 (1$^{er}$ Cir. 2005); *Ramos González v. Medina*, *ante*, pág. 332; *Restatement (Second) of Judgments,* sec. 24 (1982); Wright, Miller & Cooper, *op. cit.*, sec. 4407.

Esta normativa exige que la parte demandante acumule en un pleito todas las posibles teorías legales al amparo de las cuales podría tener derecho a un remedio y que surjan de los mismos hechos transaccionales. Ello es así aun cuando medien fuentes legales distintas, pues el

efecto de cosa juzgada aplica no solamente a las reclamaciones alegadas en la demanda, sino también a todas aquellas que pudieron haberse acumulado en ésta. *Federated Department Stores v. Moitie*, 452 U.S. 304, 404 (1981); *Moore's Federal Practice*, *Claim Preclusion and Res Judicata*, sec. 131.10[3][c].

Por otro lado, la defensa de impedimento colateral o *issue preclusion* exige que se demuestre: (1) que la cuestión o asunto que se desea excluir en la acción posterior es la misma que se determinó en la acción anterior; (2) que esa cuestión, en efecto, se litigó; (3) que la cuestión se determinó por una sentencia válida, final y firme; y (4) que esta determinación era esencial para la sentencia dictada. *Ramallo v. El Día*, 490 F.3d 86, 90 (1er Cir. 2007). Véase también, *Rodríguez García v. Miranda Marín* 610, F.3d 756, 770 (1er Cir. 2010); *Grella v. Salem Five Cents*, 42 F.3d 26, 30 (1er Cir. 1994). Igualmente, los foros federales consideran si, en efecto, la parte contra quien se invoca tuvo una oportunidad justa para litigar el asunto que se pretende precluir; además de ponderar si la aplicación mecánica de la doctrina conllevaría un fracaso de la justicia. Wright, Miller & Cooper, *op. cit.*, sec. 4416, págs. 390-93.

Ambas vertientes del principio de *res judicata* responden a una política pública a favor de la economía procesal judicial. Su propósito principal es evitar decisiones inconsistentes y fomentar la confiabilidad y el reposo en la adjudicación de los casos. *Arizona v.*

*California*, 460 U.S. 605, 619 (1983); *Allen v. McCurry*, 449 U.S. 90, 94 (1980). Véase también, *Parrilla v. Rodríguez*, 163 D.P.R. 263, 268 (2004); *Pérez v. Bauzá*, 83 D.P.R. 220, 225 (1961). Estas doctrinas se fundamentan en el interés general de evitar que una parte sufra, innecesariamente, las molestias que conlleva someterse a un procedimiento judicial adicional. Particularmente, debido a los costos adicionales que supone para las partes y el tribunal volver a litigar un asunto ya resuelto por otro foro. Véase, *Allen v. McCurry*, 449 U.S. 90, 94 (1980); *Montana v. United States*, 440 U.S. 147, 153-54 (1978). Véase, *A & P Gen. Contractors v. Asoc. Caná*, 110 D.P.R. 753, 761 (1981).

Ello no obstante, estos principios de economía procesal no aplican de forma absoluta o inflexible. Los tribunales se han mostrado renuentes a aplicar la doctrina de *res judicata* en cualquiera de sus dos vertientes cuando ello tendría el efecto de derrotar los fines de la justicia y, especialmente, cuando la controversia involucra asuntos de alto interés público. *Véanse, Parrilla v. Rodríguez, ante*, pág. 271; *Ramos González v. Félix Medina, ante*, págs. 341-42; *Pérez v. Bauzá, ante*, pág. 226.

Antes bien, la doctrina ha reconocido ciertas excepciones a la normativa federal antes expuesta. Por ejemplo, se permite relitigar una causa de acción o parte de ella cuando: las partes acuerdan fraccionar las causas de acción, o **cuando el tribunal estaba imposibilitado de**

**atender la totalidad de la causa de acción por razón de que carecía de jurisdicción o autoridad para atender el asunto**. *Restatement (Second) of Judgments,* sec. 26 (1982).

Esta última excepción permite un segundo pleito cuando en el pleito ante el foro federal no se pudieron acumular todas las reclamaciones de la parte demandante por razón de obstáculos formales o jurisdiccionales. *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 382 (1985); *Biotechnology v. Genentech, ante*; *MHR Capital Partners v. Presstek, Inc.*, 2008 N.Y. Slip Op. 6507, 55 A.D.3d 12 (2008); *Saad Construction Company v. DPF Architect*, 851 So. 2d 507, 516-517 (Ala. 2002). Algunos ejemplos de estas barreras procesales incluyen, falta de jurisdicción sobre la materia, que el tribunal federal se niegue a asumir jurisdicción suplementaria, o que el foro federal no pueda atender el reclamo en virtud de lo dispuesto en la Enmienda Once de la Constitución de Estados Unidos. *Véanse, Marrese v. American Academy, ante*; *Rebecca Shumaker v. Iowa Department*, 541 N.W.2d 850 (Iowa 1995); *Rennie v. Freeway Transport*, 656 P.2d 919 (Ore. 1982).

Ello se justifica pues la doctrina de *res judicata* parte de la premisa de que el primer tribunal podía atender todas las teorías legales que justifiquen la concesión de un remedio y que surjan de una misma causa de acción. *Biotechnology General Corp. v. Genentech Inc.,* 80 F.3d 1553, 1563 (Cir. Fed. 1996), citando el *Restatement*

*(Second) of Judgments*, sec. 26(1)(c), comentario c.  Sería injusto penalizar a una parte que, de forma diligente, intentó presentar la totalidad de su reclamación pero obstáculos de carácter procesal se lo impidieron, aplicando, en un segundo pleito la doctrina de cosa juzgada.  *McNasby v. Crown Cork & Seal Co.*, 888 F.2d 270, 276 (3$^{er}$ Cir. 1989), citando el *Restatement (Second) of Judgments*, sec. 26, comentario c.

Por consecuencia, un pleito anterior surte efecto de cosa juzgada solamente sobre las posibles teorías legales que se podían acumular ante el foro que atendió la causa de acción. *Linda Wilson v. Matthew Kane*, 852 P.2d 717, 722 (Okl. 1993); *Samuel McCarter v. Merle Mitcham*, 883 F.2d 196 (3$^{er}$ Cir., 1989).  Asimismo, la segunda demanda se puede presentar únicamente respecto a aquellas acciones que no se pudieron acumular en el primer pleito por el impedimento procesal o jurisdiccional.  *Marrese v. American Academy*, *ante*; R. Casad & K. Clermont, *Res Judicata*: *A Handbook on its Theory, Doctrine, and Practice*, Carolina Press: North Carolina, 2001, págs. 99-100.  Sin embargo, se ha puntualizado que, para que la excepción opere, debe haber una determinación clara sobre el impedimento. *Shumaker v. Iowa Department*, *ante*, págs. 853-54.

Establecidas estas normas, examinemos ahora las alegaciones de las partes.

III

Las partes coinciden en que existe una sentencia final y firme emitida por la corte federal sobre una reclamación al amparo del Título VII de la Ley Federal de Derechos Civiles. Una lectura de las demandas presentadas ante los respectivos foros revela que la reclamación posterior, --la instada al amparo de la Ley Núm. 17 y la Ley Núm. 69-- está basada en los mismos hechos en que se fundamentó el pleito bajo el Título VII que atendió la corte federal. Tampoco existe controversia sobre el hecho de que al presentarse la demanda ante el foro federal la parte recurrida incluyó reclamaciones de discrimen al amparo de leyes especiales de Puerto Rico. No obstante, estas reclamaciones fueron desestimadas sin perjuicio a tenor con la Enmienda Once de la Constitución de los Estados Unidos.

El Estado Libre Asociado aduce en su alegato que la doctrina de entera fe y crédito exige que se le confiera efecto a la sentencia en las cortes de Puerto Rico y a las determinaciones previas en un pleito ante el foro federal. Alega, que la decisión del jurado federal en el primer pleito es concluyente en torno a las reclamaciones al amparo de la Ley Núm. 17 y la Ley Núm. 69 porque el contenido y alcance de estas leyes es similar a las disposiciones de Título VII. Añade que aunque el Tribunal de Apelaciones consideró que el hostigamiento sexual es un asunto de alto interés público que amerita dejar a un lado la doctrina de cosa juzgada, este caso presenta un ataque colateral a un veredicto final y firme. Por su parte, la

Sra. Martínez Díaz asevera que debido a que se desestimaron sin perjuicio las reclamaciones al amparo de la Ley Núm. 17 y la Ley Núm. 69, no se puede considerar que hubo una adjudicación en los méritos por lo que no debe aplicarse la doctrina de cosa juzgada. A la luz de los hechos del caso, le asiste la razón a la recurrida.

En principio, cabría un argumento de que en el caso de autos se cumplen todos los elementos para aplicar la doctrina federal de cosa juzgada por fraccionamiento de causa. Hay una sentencia final y firme con identidad de partes e identidad de causas de acción con un pleito posterior. Sin embargo, como vimos, la norma general contra el fraccionamiento de causas halla una excepción cuando existen obstáculos procesales o jurisdiccionales que impiden incluir en un solo pleito todas las teorías legales o remedios disponibles a una causa de acción. *Marrese v. American Academy of Orthopaedic Surgeons*, *ante*, págs. 382-83 ("we note that claim preclusion generally does not apply where '[the] plaintiff was unable to rely on a certain theory of the case or to seek a certain remedy because of the limitations on the subject matter jurisdiction of the courts'."); *Kale v. Combined Insurance Company of America*, 924 F.2d 1161, 1167-68 (1$^{er}$ Cir. 1991); *Restatement (Second) of Judgments,* sec. 26(1)(c).

En este caso, la parte recurrida fue diligente al intentar litigar conjuntamente la totalidad de reclamación ante la corte federal donde solicitó todos los remedios que surgían de los mismos hechos. No obstante, el foro

federal desestimó las reclamaciones estatales pues se declaró sin jurisdicción para atenderlas por mandato de la Enmienda Once. En ese sentido, la razón por la cual no se dilucidaron las reclamaciones bajo la Ley Núm. 17 y la Ley Núm. 69 estaba fuera del control de la recurrida. Así pues, y toda vez que la desestimación fue sin perjuicio como consecuencia de una barrera jurisdiccional, la doctrina federal de cosa juzgada no constituye un impedimento infranqueable para instar el pleito en las cortes de Puerto Rico.

Resta por dilucidar si se cumplen los elementos de la doctrina federal de impedimento colateral por sentencia, de modo que el Tribunal de Primera Instancia estuviera impedido de pasar juicio sobre la demanda presentada por la Sra. Martínez Díaz.

IV

A

La peticionaria sostiene que la aplicación interjurisdiccional de la doctrina de impedimento colateral no permite litigar nuevamente aquellas determinaciones esenciales contenidas de la sentencia anterior. Es su contención que los hechos en los que se basa la reclamación bajo la Ley Núm. 17 y la Ley Núm. 69 son los mismos que en el pleito federal, por lo que ya fueron adjudicados. Por su parte, la Sra. Martínez Díaz arguye que las leyes estatales son completamente distintas a la federal en cuanto a requisitos, cargas de prueba y remedios, razón por la cual no se debe aplicar la doctrina

de impedimento colateral. Además, sostiene que el veredicto emitido por el jurado no contiene determinaciones de hechos ni de derecho lo que imposibilita precisar qué asuntos, de los que tenía ante sí el jurado, se sopesaron para arribar a su dictamen.

Al evaluar los requisitos federales de la doctrina de impedimento colateral por sentencia, concluimos que es improcedente aplicarla en esta ocasión. Nos explicamos.

B

Es norma establecida que el impedimento colateral por sentencia no aplica a asuntos que pudieron haberse litigado y determinado, mas no lo fueron. Su aplicación se limita a aquellas cuestiones que en efecto fueron litigadas y adjudicadas. *United States v. International Bldg.*, 345 U.S. 502, 504-05 (1953). Por esta razón, cuando no existe evidencia extrínseca o en el expediente de que lo alegado fue litigado en el pleito anterior, no aplica la doctrina de impedimento colateral. *Id*. Para poder dilucidar en este caso si se cumplen los requisitos de que en efecto se hayan litigado esos hechos y que éstos fueron factores esenciales para la adjudicación final, debemos asumir la difícil tarea de inferir cuáles debieron ser las determinaciones particulares en que el jurado fundamentó su veredicto.

Cuando las determinaciones específicas en las que se basa la decisión no surgen claramente de la sentencia, la parte que aboga a favor de la aplicación de la doctrina de impedimento colateral tiene el peso de la prueba para

establecer que en efecto esa cuestión se litigó y se decidió. *Hoult v. Hoult*, 157 F.3d 29, 31-32 (1er Cir. 1998); Wright, Miller & Cooper, *op. cit.*, sec. 4420. Esta tarea se puede realizar mediante un análisis del récord del juicio, una evaluación de las posibles interpretaciones de la evidencia, un examen de las instrucciones impartidas al jurado y cualquier otro asunto significativo. *Ashe v. Swenson*, 397 U.S. 436, 444 (1970); *U.S. v. Bailin*, 977 F.2d 270, 280 (7mo Cir. 1992); Wright, Miller & Cooper, *op. cit.* En casos en que el dictamen fue por veredicto general, se debe analizar la documentación desde la óptica del jurado razonable y preguntarse si era posible decidir de la forma en que se hizo basándose en hechos distintos a las alegaciones que se pretenden precluir. *Ashe v. Swenson*, *ante*; *Chew v. Gates*, 27 F.3d 1432, 1437-39 (9no Cir. 1994).

Cabe señalar que cuando la determinación del primer foro es ambigua, no existe impedimento para litigar nuevamente aquellas cuestiones en que el primer dictamen se pudo haber fundamentado pues no hay certeza sobre cuál fue el fundamento para resolver. *Board of Education of Oklahoma v. Dowell*, 498 U.S. 235, 244-45 (1991); Casad & Clermont, *op. cit.*, págs. 143-45. De igual forma, si el dictamen del jurado se puede sustentar por distintos fundamentos el fallo emitido no se considera concluyente en cuanto a ninguno de ellos. Con lo cual, no cabe invocar con éxito la doctrina de impedimento colateral por sentencia. *Mitchell v. Humana Hospital-Shoals*, 942 F.2d

1581, 1583-84 (11^mo Cir. 1991); *O'Reilly v. County Bd. of Appeals for Montgomery County*, 900 F.2d 789, 792 (4^to Cir. 1990); *Fay v. South Colonie Central School District*, 802 F.2d 21, 30 (2^do Cir. 1986); *Restatement (Second) of Judgment*, sec. 27(i), 1982.

C

Es crucial notar que en el caso de autos, por tratarse de un veredicto emitido por un jurado, no contamos con una sentencia fundamentada con sus respectivas conclusiones de hechos y determinaciones de derecho. Desconocemos a ciencia cierta en qué se basó el jurado para emitir su veredicto. Por otro lado, no contamos con una transcripción completa de los procedimientos por lo que no tenemos certeza sobre las cuestiones de hecho o derecho que se le presentaron al jurado.

Ahora bien, sí contamos con una transcripción parcial de la vista celebrada en corte sobre una moción de desestimación que presentó el Estado ante el foro federal bajo la Regla 50 de las Reglas federales de Procedimiento Civil. En esa vista, el Estado invocó la llamada defensa *Ellerth-Faragher* para solicitar la desestimación del pleito en su contra.[2]

---

[2] Bajo esta defensa, cuando una empleada demanda por hostigamiento sexual al amparo de Título VII por actos cometidos por un supervisor, el patrono se puede liberar de responsabilidad si demuestra que la empleada no sufrió un daño tangible a causa del hostigamiento sexual, y si el patrono ejerció un cuidado razonable para prevenir el hostigamiento y atendió efectiva y oportunamente la situación tan pronto advino en conocimiento y por último,

Como se puede apreciar, el jurado pudo resolver en contra de la demandante bajo varios fundamentos. Primero, si concluyó que los hechos no ocurrieron, segundo, si los hechos ocurrieron pero no configuraron un ambiente hostil por ser hechos aislados, o, tercero, porque aún habiéndose configurado un ambiente hostil por hostigamiento sexual, el patrono probó a cabalidad con los requisitos de la defensa *Ellerth-Faragher.* Ante este hecho, no podemos adoptar una teoría de por qué se produjo el veredicto para, a base de los hechos que hicieron posible ese resultado, concluir que aplica la norma de impedimento colateral por sentencia.

Ante tal ambigüedad, concluimos que no procede aplicar la doctrina de impedimento colateral en un caso como éste en el cual existe un veredicto general previo que puede sustentarse con más de una posible adjudicación de hechos. Con lo cual, en este caso no podemos concluir que la sentencia federal recoge una determinación clara sobre los actos que alegadamente constituían hostigamiento sexual al amparo del Título VII. La información limitada que tenemos sobre los procedimientos en el pleito federal no es concluyente sobre los fundamentos del dictamen del

_____

si la empleada-demandante no utilizó los mecanismos preventivos o correctivos que el patrono provee para sus empleados. Véanse, *Burlington Industries v. Ellerth*, 524 U.S. 742, 765 (1998); *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998).

En este caso, el juez ante quien se argumentó la defensa *Ellerth-Faragher*, le indicó a los demandados que este era un asunto que debía dilucidar el jurado y no el juez.

jurado.   Esta incertidumbre sobre la teoría legal que motivó el veredicto imposibilita la aplicación de la doctrina de impedimento colateral.   La parte peticionaria no nos ha colocado en posición para concluir que se cumplen los elementos de la doctrina federal.

V

Por todo lo anterior, resolvemos que en este caso no aplica la doctrina federal de *res judicata* en ninguna de sus dos vertientes, procede por lo tanto confirmar el dictamen del Tribunal de Apelaciones.

Se dictará sentencia de conformidad.


                              Anabelle Rodríguez Rodríguez
                                    Juez Asociada

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Emilia Iris Martínez Díaz

    Recurrida

       v.

                             CC-2008-719

Estado Libre Asociado de
Puerto Rico,

    Peticionario


SENTENCIA

San Juan, Puerto Rico, a 9 de agosto de 2011

    Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se confirma el dictamen del Tribunal de Apelaciones.

    Así lo pronuncia y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rivera García no intervino. La Jueza Asociada señora Pabón Charneco no interviene.



                  Aida Ileana Oquendo Graulau
               Secretaria del Tribunal Supremo