<table>
<tr><td colspan="3" align="center">Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL VII</td></tr>
<tr>
<td>ESPERANZA TABOADA PRADO<br><br>Recurrida<br><br>v.<br><br>JUNTA DE DIRECTORES Y/O CONSEJO DE TITULARES CONDOMINIO DORAL PLAZA Y OTROS<br><br>Recurrente</td>
<td>KLRA202300593</td>
<td>Revisión Judicial procedente del Departamento de Asuntos del Consumidor<br><br>Sobre: Ley de Condominios<br><br>Caso Número:<br>C-SAN-2023-0015392</td>
</tr>
</table>

Panel integrado por su presidenta, la Juez Domínguez Irizarry, la Juez Grana Martínez y el Juez Pérez Ocasio

Domínguez Irizarry, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 26 de enero de 2024.

La parte recurrente, el Consejo de Titulares del Condominio Doral Plaza, comparece ante nos para que dejemos sin efecto la determinación emitida por el Departamento de Asuntos del Consumidor (DACo), el 20 de septiembre de 2023, notificada el 21 del mismo mes y año. Mediante la misma, el referido organismo declaró *Ha Lugar* una *Querella* instada por la recurrida, la señora Esperanza Taboada Prado, y ordenó a la parte recurrente a poner a disposición de esta la documentación solicitada en el referido pliego.

Por los fundamentos que expondremos a continuación, se confirma la determinación administrativa recurrida.

**I**

El 14 de julio de 2023, la señora Taboada Prado presentó la querella de epígrafe. En la misma, la recurrida alegó que, el 17 de abril de 2023, le remitió un correo electrónico al Consejo de Titulares, mediante el cual le solicitó la documentación siguiente:

a. convocatoria(s) de la(s) asamblea(s) celebradas para la aprobación del Plan de Manejo de Emergencias del Condominio;

Número Identificador

RES/SEN2024_____

b. minutas de las referida(s) reuniones (asambleas);

c. evidencia de las convocatorias anteriormente requeridas, de forma tal que la información de los titulares no se pueda identificar.[1]

Indicó que, a la fecha, no se le había entregado la referida información.

Precisa destacar que, al requerir la información, la recurrente señaló que se censurara la dirección postal de los titulares al hacer entrega de la copia de la boleta del correo de aquellos que fueron convocados por correo certificado. En cuanto a los titulares que se convocaron por correo electrónico, propuso censurar parcialmente la dirección, de forma que se pudiesen diferenciar unos de otros, pero que no se pudiese distinguir el correo electrónico del titular. Así, pues, le solicitó a DACo que ordenara la entrega de la información solicitada.

En respuesta, el 22 de agosto de 2023, el Consejo de Titulares presentó una *Moción de Desestimación.* En el escrito, señaló que, el 25 de mayo de 2023, esta Curia emitió una sentencia en el caso KLRA202300200, el cual, presuntamente, era idéntico al presente caso en partes, causa y remedio. Ello, puesto que la recurrida, al igual que en el caso de epígrafe, solicitó las convocatorias a las asambleas y la prueba del envío de las mismas a los titulares del Condominio. La parte recurrente aseveró que, mediante el referido dictamen, este Tribunal concluyó que la documentación peticionada por la señora Taboada Prado estaba expresamente protegida por la Ley de Condominios de Puerto Rico, Ley Núm. 129- 2020, 31 LPRA sec. 1921 *et seq*. (Ley de Condominios). Al amparo de lo anterior, le solicitó a DACo que desestimara la *Querella*, dado a que el reclamo de la recurrida era cosa juzgada.

---

[1] Apéndice del recurso, pág. 4.

Evaluado lo anterior, el 20 de septiembre de 2023, notificada el 21 del mismo mes y año, la referida agencia emitió la *Resolución* que nos ocupa. Mediante la misma, declaró *Ha Lugar* la *Querella* presentada por la señora Taboada Prado. Esencialmente, basó su determinación en que el Artículo 55(f) de la Ley de Condominios, 31 LPRA sec.1923, le impone al Secretario de la Junta de Directores la responsabilidad de hacer disponible a los titulares todo documento perteneciente al Consejo de Titulares que obre en los archivos, con excepción a la información personal de los demás titulares, la cual, únicamente, se podrá divulgar si lo permite algún otro artículo de la Ley, o si el titular lo autorizó previamente. Conforme a lo expuesto, la agencia ordenó a la parte recurrente a poner a disposición de la señora Taboada Prado la documentación solicitada, en un término de diez (10) días.

Inconforme, y tras no atenderse una previa solicitud de reconsideración ante la agencia en el término dispuesto por la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, 3 LPRA sec. 9601 *et seq.* (LPAUG), el 16 de noviembre de 2023, el Consejo de Titulares compareció ante nos mediante el presente recurso de revisión administrativa. En el mismo, formula el siguiente planteamiento:

> Erró el Departamento de Asuntos del Consumidor al ordenar la entrega de la evidencia de las convocatorias con la información de cada titular censurada por ser esto improcedente como cuestión de derecho al ser cosa juzgada y lesionar la confidencialidad de esta información que surge de la Ley de Condominios. Además, el resto de la querella es académic[a].

Luego de examinar el expediente que nos ocupa, procedemos a expresarnos.

## II

### A

Es norma firmemente establecida en el estado de derecho vigente, que los tribunales apelativos están llamados a abstenerse

de intervenir con las decisiones emitidas por las agencias administrativas, todo en deferencia a la vasta experiencia y conocimiento especializado que les han sido encomendados. *Rolón Martínez v. Supte. Policía,* 201 DPR 26, 35 (2018); *The Sembler Co. v. Mun. de Carolina,* 185 DPR 800, 821-822 (2012); *Asoc. Fcias. v. Caribe Specialty II,* 179 DPR 923, 940 (2010). En este contexto, la sección 4.5 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, establece el alcance de la revisión judicial respecto a las determinaciones administrativas. A tal efecto, la referida disposición legal expresa como sigue:

> El Tribunal podrá conceder el remedio apropiado si determina que el recurrente tiene derecho a un remedio.
>
> Las determinaciones de hechos de las decisiones de las agencias serán sostenidas por el tribunal, si se basan en evidencia sustancial que obra en el expediente administrativo.
>
> Las conclusiones de derecho serán revisables en todos sus aspectos por el tribunal.
>
> 3 LPRA sec. 9675.

Al momento de revisar una decisión agencial, los tribunales deben ceñirse a evaluar la *razonabilidad* de la actuación del organismo. *Rolón Martínez v. Superintendente de la Policía de Puerto Rico*, supra; *The Sembler Co. v. Mun. de Carolina,* supra. Por ello, los tribunales no deben intervenir o alterar las determinaciones de hechos que emita, siempre que estén sostenidas por *evidencia sustancial* que surja de la *totalidad del expediente administrativo. Otero v. Toyota,* 163 DPR 716, 727-728 (2005); *Pacheco v. Estancias,* 160 DPR 409, 431-432 (2003). Nuestro Tribunal Supremo ha definido el referido concepto como aquella evidencia relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión. *Rolón Martínez v. Superintendente de la Policía de Puerto* Rico, supra; *Assoc. Ins.*

*Agencies, Inc. v. Com. Seg. P.R.*, 144 DPR 425, 437 (1997). Por tanto, compete a la parte que impugne la legitimidad de lo resuelto por un organismo administrativo, identificar prueba suficiente para derrotar la presunción de corrección y regularidad que les asiste. *Graciani Rodríguez v. Garage Isla Verde*, 202 DPR 117, 128 (2019).

A tenor con esta norma, los foros judiciales limitan su intervención a evaluar si la decisión de la agencia es razonable y no si hizo una determinación correcta de los hechos ante su consideración. *Assoc. Ins. Agencies, Inc. v. Com. Seg. P.R.,* supra. En caso de que exista más de una interpretación razonable de los hechos, el tribunal debe sostener lo concluido por la agencia, evitando sustituir el criterio del organismo por sus propias apreciaciones. *Pacheco v. Estancias,* supra. Ahora bien, esta norma de deferencia no es absoluta. La misma cede cuando está presente alguna de las siguientes instancias: (1) cuando la decisión no está fundamentada en evidencia sustancial; (2) cuando el organismo administrativo ha errado en la apreciación de la ley, y; (3) cuando ha mediado una actuación irrazonable, o ilegal. *Costa Azul v. Comisión de Seguridad*, 170 DPR 847, 853 (2007).

**B**

Por su parte, mediante la aprobación de la Ley de Condominios de Puerto Rico, Ley 129-2020, 31 LPRA sec. 1921, *et seq.* (Ley de Condominios), se ejecutó el propósito de viabilizar la propiedad individual sobre una unidad de apartamento que forma parte de un inmueble sometido al régimen de propiedad horizontal. De este modo, se estatuyó el derecho de cada titular a disfrutar plenamente del mismo, y de las áreas comunes establecidas, siempre que no resulte en menoscabo de las prerrogativas de los demás titulares. Art. 2 de la Ley de Condominios, 31 LPRA sec. 1921a.

Ahora bien, el Consejo de Titulares constituye la autoridad suprema sobre la administración del inmueble, y debe estar integrado por todos los titulares. *Íd.*, Art. 48, 31 LPRA sec. 1922t. Corresponderá al referido organismo elegir, por el voto afirmativo de la mayoría, una Junta de Directores con, por lo menos, un Presidente, un Secretario y un Tesorero. *Íd.*, Art. 49, 31 LPRA sec. 1922t. 31 LPRA sec.1922u.

En lo pertinente al caso de marras, el Artículo 55(f) del referido estatuto dispone que el Secretario de la Junta tendrá el deber de:

> [c]ustodia[r] y ha[cer] disponible para la revisión de los titulares que así lo soliciten, todo documento perteneciente al Consejo que obre en los archivos del condominio, tales como, pero sin limitarse a, documentos relacionados a la actividad fiscal del condominio, las actas de las asambleas del Consejo de Titulares, las actas de las reuniones de la Junta de Directores, y los contratos adjudicados. No será [sic] hará disponible para la revisión de un titular, la información personal de los demás titulares, a menos que otro Artículo de esta Ley así lo permita, o que el titular haya previamente autorizado la divulgación de dicha información.
> 31 LPRA sec. 1923.

### C

Finalmente, precisa señalar que el estado de derecho actual reconoce que la doctrina de cosa juzgada es una muy provechosa y necesaria para la sana administración de la justicia. *Fonseca et al. v. Hosp. HIMA*, 184 DPR 281, 294 (2012). A través de su aplicación, el ordenamiento jurídico cumple una dualidad de propósitos; mientras garantiza el interés del Estado de velar porque los litigios culminen definitivamente, de forma tal que se propenda a la certidumbre y seguridad de los derechos declarados por vía judicial, también procura evitar en los ciudadanos las molestias que implica litigar nuevamente una misma causa. *Íd,* pág. 862*; Presidential v. Transcaribe,* 186 DPR 263, 274 (2012); *Fonseca et al. v. Hosp. HIMA,* supra; *P.R. Wire Prod. v. C. Crespo & Assoc.,* 175 DPR 139, 151 (2008); *Parrilla v. Rodríguez,* 163 DPR 263, 268 (2004). Así, la

referida norma ciertamente versa sobre "lo ya resuelto por fallo firme de un Juez o Tribunal competente y lleva en sí la firmeza de su irrevocabilidad". J.M. Manresa, *Comentarios al Código Civil Español*, 6ta Ed., Madrid, ED. Reus, 1967, T. VIII, Vol. 2, pág. 278. Sin embargo, en reiteradas ocasiones el sistema normativo vigente ha reconocido que su aplicación no es una automática ni inflexible, cuando con ello se laceren principios básicos de orden público y de justicia. *Presidential v. Transcaribe*, supra; *Fonseca et al. v. Hosp. HIMA*, supra.

Por su parte, un litigante resulta airoso al levantar la defensa de cosa juzgada, siempre que acredite la más idónea concurrencia entre las cosas, las causas, las personas de los litigantes y la calidad con que lo fueron. *Rodríguez Ocasio v. ACAA*, supra, pág. 862. Respecto a la exigencia de *identidad entre las cosas*, la doctrina interpretativa de la norma reconoce que la misma alude a que se promueva un segundo pleito, cuya esencia versa sobre el mismo asunto del cual se dispuso en uno anterior. Siendo así, el criterio medular a examinarse para determinar si, en efecto, tal aspecto está presente, es el bien jurídico cuya protección o concesión se solicita, ello a la luz de los planteamientos que se generan en torno al mismo. En este contexto, merece especial atención el hecho de si el segundo pronunciamiento judicial, contradice el derecho afirmado en la decisión anterior. *Presidential v. Transcaribe*, supra, pág. 274; *Rodríguez v. Colberg*, 131 DPR 212, 219-220 (1989); *A & P Gen. Contractors v. Asoc. Caná*, 110 DPR 753, 764 (1981).

En cuanto al requisito de *identidad de causas*, ésta se logra establecer cuando se demuestra que tanto en el primer pleito, como en aquel en el que se levanta la defensa de cosa juzgada, los hechos y fundamentos de las respectivas peticiones son idénticos respecto a la cuestión planteada. *Presidential v. Transcaribe*, supra, pág. 275. De este modo, la causa resulta ser el motivo principal de pedir,

por lo que, para efectos de la aplicación de la *res judicata*, se refiere al origen de las acciones o excepciones planteadas y resueltas; y no a los medios de prueba ni a los fundamentos legales en los que las partes descansan sus argumentos. *Íd.*; *Rodríguez v. Colberg*, supra, pág. 219; *Beníquez et al v. Vargas et al*, 184 DPR 281, 223 (2012). "Al determinar si existe identidad de causas de acción, debemos preguntarnos si ambas reclamaciones se basan en la misma transacción o núcleo de hechos". *Presidential v. Transcaribe,* supra, pág. 275; *Martínez Díaz v. E.L.A.,* 182 DPR 580, 586 (2011).

Por último, relativo al requisito de la *identidad de partes*, la norma ha sido enfática en que el mismo se cumple en cuanto a aquellos que intervienen en el proceso de que trate, a nombre y en interés propio. Lo anterior necesariamente implica que las partes involucradas en ambos procedimientos sean las mismas o se hayan en relación mutua con otra. *Presidential v. Transcaribe*, supra; *Rodríguez v. Colberg*, supra, pág. 276. En lo concerniente, nuestro Alto Foro ha expresado que:

> [h]ay identidad de personas siempre que los litigantes del segundo pleito sean causahabientes de los que contendieron en el pleito anterior, o estén en el unidos a ellos por vínculos de solidaridad, o por lo que establece la indivisibilidad de las prestaciones entre los que tienen derecho a exigirlas u obligación de satisfacerlas. *Íd.*

### III

La parte recurrente plantea que la agencia concernida erró en ordenar la entrega de la documentación solicitada por la señora Taboada Prado. Sostiene que este Tribunal resolvió anteriormente que la referida información estaba expresamente protegida por la Ley de Condominios, *supra*. Particularmente, aseveró que el mencionado estatuto no faculta a un titular a solicitar los nombres, direcciones postales y electrónicas de los demás condóminos.

Conforme reseñamos en nuestra previa exposición doctrinal, la Ley de Condominios de Puerto Rico, *supra*, le impone el deber al Secretario de la Junta de Directores a hacer disponible a los titulares todo documento perteneciente al Consejo de Titulares que obre en los archivos del condominio. Por tanto, entendemos que la agencia no incidió en ordenar al Consejo de Titulares que le entregara a la señora Taboada Prado las convocatorias de las asambleas celebradas para la aprobación del Plan de Manejo de Emergencias del Condominio, las minutas de las referidas asambleas y la evidencia de que, en efecto, se convocó a los titulares a las mismas. La única información que el referido estatuto no permite hacer disponible son los datos personales de los titulares. No obstante, la recurrida aclaró que la anterior documentación se le debía entregar de forma tal que la información personal de los titulares no se pudiera identificar.

Por otra parte, en cuanto al planteamiento de la parte recurrente de que la solicitud de la señora Taboada Prado constituye cosa juzgada, debemos resaltar que el caso KLRA202300200, dista del caso de epígrafe, puesto que versa sobre un requerimiento de documentos, realizado el 8 de febrero de 2023, en el cual la recurrida le solicitó al Consejo de Titulares las convocatorias a todas las asambleas celebradas, la evidencia de que se efectuaron las mismas, entre otras cosas. En esa ocasión, la señora Taboada Prado no indicó que se debía censurar la información personal de los titulares. Por ello, esta Curia concluyó que la referida documentación no se le debía entregar, dado a que la información personal de los titulares estaba expresamente protegida por la Ley de Condominios, *supra.* En virtud de lo expuesto, colegimos que en el presente caso no se configuran los elementos de la doctrina de cosa juzgada.

Según expresáramos, como norma, los pronunciamientos de las agencias administrativas gozan de un amplio margen de deferencia por parte del tribunal revisor, ello dado su conocimiento especializado en la materia que regulan. En este escenario, nuestra función estriba en resolver si los mismos son razonables a luz de la prueba que obra en el expediente administrativo. Así pues, en ausencia de señalamiento alguno sobre la existencia de prueba adicional que establezca lo contrario, y toda vez la corrección de la aplicación de la norma a los hechos adjudicados por el organismo, resolvemos sostener la determinación administrativa en controversia.

**IV**

Por los fundamentos que anteceden, se confirma la resolución administrativa recurrida.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones