Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES

| E.F.R.P. DEVELOPMENT, INC. Apelante v. U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR CSMC 2007-5 POR CONDUCTO DE SU AGENTE DE SERVICIOS BANCO POPULAR DE PUERTO RICO Apelada | KLAN202400682 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón Caso Núm.: BY2023CV02262 Sobre: Ejecución de Hipoteca, Propiedad Residencial |
|---|---|---|

Panel especial integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

Candelaria Rosa, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 11 de septiembre de 2024.

Comparece EFRP Development, Inc. (EFRP o apelante) mediante el presente recurso de *Apelación* y nos solicita que revoquemos la *Sentencia* emitida el 10 de mayo de 2024 por el Tribunal de Primera Instancia, Sala Superior de Bayamón. Mediante el referido dictamen, el Tribunal desestimó con perjuicio la demanda de impugnación de subasta y venta judicial contra U.S. Bank National Association Trustee For CSMC 2007-5, representada por conducto de su agente de servicios Banco Popular de Puerto Rico (BPPR o apelada) por ser de aplicación la doctrina de cosa juzgada.

Por los fundamentos que expresamos a continuación, se confirma la sentencia apelada.

En síntesis, el 28 de abril de 2023, EFRP presentó una demanda en contra de BPPR. En esta, el apelante explicó que, allá para el año 2012, BPPR instó el caso civil núm. DCD2012-0886 sobre cobro de dinero y ejecución de hipoteca, en referencia a la propiedad que está hoy en controversia. Expresó que, luego de varios asuntos procesales, en enero del 2020, el Tribunal, emitió orden de ejecución y mandamiento de sentencia sobre la referida propiedad.

Por otra parte, no empece a lo anterior, el apelante aseveró que el 21 de septiembre de 2021 adquirió la propiedad en cuestión con todas las cargas y gravámenes, incluyendo la hipoteca objeto de ejecución. Sin embargo, sostuvo que los trámites procesales de la venta judicial continuaron según el dictamen anterior. Así las cosas, el 26 de enero y el 2 de febrero de 2022, se publicó el edicto de la venta judicial de la propiedad en ejecución. Finalmente, el 10 de marzo de 2022, se adjudicó la buena pro a favor de BPPR.

Tras la adjudicación, el apelante impugnó la venta judicial ante el Tribunal. Fundamentó su posición en que, tras haber adquirido la propiedad, tenía un interés propietario sobre ella. Además, señaló que hubo una violación al debido proceso en contravención a la Regla 51.7 de Procedimiento Civil de Puerto Rico de 2009, 31 L.P.R.A. App V. En específico, planteó que el primer aviso de subasta se llevó a cabo el 26 de enero de 2022 y el segundo aviso el 2 de febrero de 2022, por lo que el intervalo de tiempo entre la publicación de los dos edictos fue de seis (6) y no de siete (7) días, según dispone la precitada regla procesal. Por lo cual, solicitó la anulación de la subasta y la paralización del lanzamiento.

El 3 de agosto de 2024, BPPR presentó una *moción de desestimación* mediante la cual expresó que la controversia invocada por EFRP constituía cosa juzgada. Añadió que el error alegado fue previamente resuelto en el caso civil núm. DCD2012-0886, cuando el apelante solicitó la nulidad de la subasta bajo el fundamento de incumplimiento según lo dispuesto en la Regla 51.7 Además, informó que la controversia en cuestión fue resuelta por este Tribunal mediante *Resolución* en el caso KLAN202200576. Por su parte, EFRP reafirmó su posición mediante *Oposición a la Moción de Desestimación*, en la que sostuvo que la subasta en controversia no cumplió con lo dispuesto en la referida Regla y alegó su nulidad.

Finalmente, el Tribunal concluyó, mediante *Sentencia* del 10 de mayo de 2024, que era de aplicación a los hechos del caso la doctrina de cosa juzgada. Argumentó que el Tribunal de Apelaciones había resuelto ya el asunto y destacó que la decisión es hoy en día final y firme. En consecuencia, desestimó la demanda con perjuicio. En respuesta, EFRP solicitó la reconsideración del dictamen, a lo que el foro primario declaró sin lugar.

Inconforme, recurre EFRP ante esta Curia y arguye que erró el Tribunal de Primera Instancia al desestimar con perjuicio la demanda ante un claro incumplimiento con la Regla 51.7 (b) de Procedimiento Civil. Planteó que la inobservancia con el intervalo de siete (7) días entre las publicaciones del edicto de aviso de subasta conlleva la nulidad de la venta judicial.

En su oposición, BPPR adujo que cualquier alegación en torno al cómputo del intervalo dispuesto en la Regla 51.7 no representa el tipo de error que tendría el efecto de anular la subasta señalada. Por último,

destacó que el único señalamiento de error planteado en el presente recurso de *Apelación* ya fue resuelto mediante *Resolución* por este foro revisor en el caso KLAN202200576.

A propósito de la controversia planteada por este caso, es conocido que para que se active la presunción de cosa juzgada en otro juicio, se requiere que entre el caso resuelto mediante sentencia y el caso en que esta se invoca concurra la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad en que lo fueron. *Pérez Droz v. A.S.R.,* 184 DPR 313 (2012). Si se cumplen estos requisitos, no procede dilucidar nuevamente los méritos de la controversia que está ante la consideración del foro judicial. P*érez Droz v. A.S.R., supra*; *Bolker v. Tribunal Superior*, 82 D.P.R. 816 (1961).

De este modo, la doctrina de cosa juzgada está fundamentada en importantes consideraciones de orden público, a saber, el interés del estado en ponerle fin a los litigios y en proteger a los ciudadanos para que no se les someta en múltiples ocasiones a los rigores de un proceso judicial. *S.L.G Szendrey-Ramos v. Consejo de Titulares*, 184 DPR 133 (2011). Ahora bien, el Tribunal Supremo se ha negado a aplicar la doctrina de cosa juzgada de forma automática. *Íd,* pág. 155. Por consiguiente, ha establecido algunos requisitos. Primero, para determinar si se satisface el requisito de identidad entre las cosas, es necesario identificar cuál es el objeto o la materia sobre la cual se ejercita la acción. *A & P Gen. Contractors v. Asoc. Caná*, 110 D.P.R. 753 (1981). Es decir, lo esencial es determinar que ambos litigios se refieren a un mismo asunto. *Pérez Droz v. A.S.R., supra,* pág. 317. Así pues, "el requisito de identidad de cosas significa que el segundo pleito se refiere al mismo asunto que versó el primer pleito, aunque las cosas

hayan sufrido disminución o alteración". *Presidential v. Transcaribe*, 186 DPR 265, 275 (2012). La cosa, además, es el "objeto o materia sobre la cual se ejercita la acción". *A & P Gen. Contractors v. Asoc. Caná*, 110 DPR 753, 764 (1981). En fin, para determinar si existe identidad del objeto, un criterio certero es si un juez está expuesto a contradecir una decisión anterior afirmando un derecho nacido o naciente. Es decir, que existe identidad de objeto "cuando un juez al hacer una determinación se expone a contradecir el derecho afirmado en una decisión anterior". *Presidential v. Transcaribe, supra,* pág. 275.

En cuanto al segundo requisito, es decir, la existencia de identidad de causas de acción se debe analizar "si ambas reclamaciones se basan en la misma transacción o núcleo de hechos". *Martínez Díaz v. E.L.A.*, 182 DPR 580, 586 (2011). Lo anterior implica que la parte demandante está obligada "acumul [ar] en un pleito todas las posibles teorías legales al amparo de las cuales podría tener derecho a un remedio y que surjan de los mismos hechos transaccionales". *Id*. Esto es así "aun cuando medien fuentes legales distintas, pues el efecto de cosa juzgada aplica no solamente a las reclamaciones alegadas en la demanda, sino también a todas aquellas que pudieron haberse acumulado en ésta". *Id*.

Por último, en lo que respecta a la identidad de las personas de los litigantes y la calidad en que lo fueron, el Alto Foro ha expresado, que existe identidad de personas siempre que los litigantes del segundo pleito sean causahabientes de los que contendieron en el pleito anterior, o estén unidos a ellos por vínculos de solidaridad o por los que establece la indivisibilidad de las prestaciones entre los que tienen derecho a exigirlas u obligación de satisfacerlas. En ese sentido, el Tribunal

Supremo ha señalado "que los efectos de la cosa juzgada se extienden a quienes intervienen en el proceso, a nombre y en interés propio". *Presidential v. Transcaribe*, supra, pág. 276. Es decir, "las personas jurídicas que son parte en ambos procedimientos, cumplidos los requisitos de identidad entre las causas y las cosas, serían las mismas que resultarían directamente afectados por la excepción de la cosa juzgada". *Id*.

Tras un análisis sosegado del expediente, resolvemos que, así como razonó el foro primario, ambos pleitos versan sobre los mismos elementos señalados y ya adjudicados previamente ante el foro apelado. A saber, en ambos pleitos el apelante intentó anular la misma subasta en controversia, bajo los mismos fundamentos de incumplimiento de los requisitos de venta judicial. Señalamiento que fue rechazado por el foro primario, el cual determinó preservar la adjudicación de subasta a favor de BPPR. A su vez, la decisión del foro apelado fue sustentada por este foro revisor mediante *Resolución* en el caso KLAN202200576, en el cual determinamos que el foro primario no incurrió en error alguno que justificara nuestra intervención.

Así pues, ante estas circunstancias es menester recordar que, "el efecto inexorable de la doctrina de cosa juzgada es que la sentencia decretada en un pleito anterior impide que, en un pleito posterior, se litiguen entre las mismas partes y sobre la misma causa de acción y cosas, las cuestiones ya litigadas y adjudicadas". *Beniquez v. Vargas*, 184, DPR, 210, 222 (2012).

Por consiguiente, el error alegado no se cometió. Por tanto, procede la desestimación del caso de autos en cuanto BPPR.

Por los fundamentos anteceden, se confirma la sentencia apelada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones