Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| PIERRE MOUNIER<br><br>Apelante<br><br><br>V.<br><br><br>CARMEN PICHARDO FRÍAS<br><br>Apelada | KLAN202400937 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm.: CA2024CV02823<br><br><br>Sobre: Cobro de Dinero, Regla 60 de Procedimiento Civil |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero y el Juez Campos Pérez.

Marrero Guerrero, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 25 de octubre de 2024.

Comparece por derecho propio el Sr. Pierre Mounier (señor Mounier o apelante) y solicita que revisemos una *Sentencia* emitida y notificada el 18 de septiembre de 2024 por el Tribunal de Primera Instancia, Sala Superior de Carolina (TPI).[1] En el referido dictamen, el TPI desestimó con perjuicio, por considerarlo cosa juzgada, la *Demanda* presentada por el señor Mounier en contra de la señora Carmen Pichardo Frías (señora Pichardo Frías o apelada). El Foro Primario consignó que los hechos y las controversias que se alegaron en el asunto ante su consideración se atendieron y se resolvieron previamente en el caso CA2024CV00641 mediante una *Sentencia* dictada el 12 de julio de 2024, la cual advino final y firme.[2]

Conforme a lo dispuesto en la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, 4 Ap. XXII-B, R. 7, prescindimos de la comparecencia de la apelada, con el propósito de lograr el más justo

---

[1] Entrada Núm. 11 del expediente digital del caso CA2024CV02823 en SUMAC.
[2] Entrada Núm. 23 del expediente digital del caso CA2024CV00641 en SUMAC.

Número Identificador
SEN2024_____

y eficiente despacho. Se adelante la desestimación del caso por craso incumplimiento con el Reglamento de este Tribunal.

## I.

### A. Jurisdicción

La jurisdicción es el poder o la autoridad de un tribunal para considerar y decidir casos y controversias. *Muñoz Barrientos v. ELA et al.*, 212 DPR 714, 726 (2023); *Adm. Terrenos v. Ponce Bayland*, 207 DPR 586, 600 (2021); *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 385-386 (2020); *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89, 101 (2020). A saber, ante la falta de jurisdicción, un tribunal carece de facultad para adjudicar la controversia. *Allied Mgmt. Group v. Oriental Bank, supra*, pág. 386. Dado que un foro judicial no puede asumir discrecionalmente jurisdicción donde no la hay, el primer factor que debe considerar al evaluar una situación jurídica es el aspecto jurisdiccional. *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 500 (2019). Ello, debido a que los foros judiciales estamos llamados a ser celosos guardianes de nuestra jurisdicción, por lo que los asuntos jurisdiccionales son privilegiados y se atienden con prioridad. *Íd.*; *Morán v. Martí*, 165 DPR 356 (2005). De lo contrario, la falta de jurisdicción conlleva como consecuencia:

> que no sea susceptible de ser subsanada; las partes no puedan conferírsela voluntariamente a un tribunal como tampoco puede este arrogársela; conlleva la nulidad de los dictámenes emitidos; impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; obliga a los tribunales apelativos a examinar la jurisdicción del foro de donde procede el recurso, y puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio. Íd.*

Por ello, cuando un tribunal carece de jurisdicción para intervenir en un asunto, procede que inmediatamente desestime el recurso apelativo, sin entrar en los méritos de la controversia. *Torres Alvarado v. Madera Atiles, supra*, pág. 501; *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. III, R. 52.1, dispone que "[t]odo procedimiento de apelación, *certiorari*, certificación y cualquier otro procedimiento para revisar sentencias y resoluciones se tramitará de acuerdo con la Ley aplicable, estas reglas y las reglas que adopte el Tribunal Supremo de Puerto Rico". Dichas normas que rigen el perfeccionamiento de los recursos apelativos deben observarse rigurosamente. *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013).

En cuanto al contenido de la apelación, la Regla 16 del Reglamento del Tribunal de Apelaciones, *supra*, R. 16, indica que el escrito contendrá un índice detallado de la solicitud y de las autoridades citadas y un cuerpo que, entre otras cosas, incluirá lo siguiente:

(1) Todo escrito de apelación contendrá numerados, en el orden aquí dispuesto, los requerimientos siguientes:

(a) En la comparecencia, el nombre de las partes apelantes.

(b) Las citas de las disposiciones legales que establecen la jurisdicción y la competencia del tribunal.

**(c) Una referencia a la sentencia cuya revisión se solicita, la cual incluirá el nombre y el número del caso, la Sala del Tribunal de Primera Instancia que la dictó y la Región Judicial correspondiente, la fecha en que fue dictada y la fecha en que se archivó en autos copia de su notificación. También, una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar el escrito de apelación. Además, se especificará cualquier otro recurso sobre el mismo caso o asunto que esté pendiente ante el Tribunal de Apelaciones o ante el Tribunal Supremo a la fecha de presentación.**

**(d) Una relación fiel y concisa de los hechos procesales y de los hechos importantes y pertinentes del caso.**

**(e) Un señalamiento breve y conciso de los errores que a juicio de la parte apelante cometió el Tribunal de Primera Instancia.**

**(f) Una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicables.**

(g) La súplica.

(2) El escrito de apelación será el alegato de la parte apelante. No se permitirá la presentación de un alegato o memorando de autoridades por separado. La argumentación y los fundamentos de derecho deberán incluirse en el cuerpo del escrito de apelación.

(D) Número de páginas

El escrito de apelación no excederá de veinticinco páginas, exclusive de la certificación de notificación, del índice y del Apéndice, salvo que el tribunal autorice un número mayor de páginas, conforme a lo dispuesto en la Regla 70(D).

**(E) Apéndice**

(1) El escrito de apelación, salvo lo dispuesto en el subinciso (2) de este inciso y en la Regla 74, incluirá un Apéndice que contendrá una copia literal de:

**(a) las alegaciones de las partes, a saber, la demanda principal, las demandas de coparte o de tercero y la reconvención, y sus respectivas contestaciones;**

**(b) la sentencia del Tribunal de Primera Instancia cuya revisión se solicita y la notificación del archivo en autos de copia de la misma;**

(c) toda moción debidamente timbrada por el Tribunal de Primera Instancia, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar el escrito de apelación y la notificación del archivo en autos de copia de la resolución u orden;

(d) toda resolución u orden, y toda moción o escrito de cualesquiera de las partes que forme parte del expediente original en el Tribunal de Primera Instancia, en las cuales se discuta expresamente cualquier asunto planteado en el escrito de apelación, o que sean relevantes a éste;

(e) cualquier otro documento que forme parte del expediente original en el Tribunal de Primera Instancia y que pueda serle útil al Tribunal de Apelaciones para resolver la controversia. [...] (Énfasis nuestro).

A saber, la norma reglamentaria antes reseñada ordena que en el escrito de apelación civil se señale, discute y fundamente los errores que se le imputan al Tribunal de Primera Instancia. *Morán v. Martí, supra,* pág. 366; *Ortiz v. Holsum,* 190 DPR 511, 526 (2014). De lo contrario, este foro apelativo estará impedido de considerar los errores planteados. *Íd.* Pues, este tribunal solamente podrá estar en posición para atender el reclamo presentado ante sí cuando el escrito de apelación contiene un señalamiento de error y una discusión fundamentada con referencia a los hechos y a las fuentes de derecho en las que la parte apelante se sustenta. *Íd.* Esto, toda vez que para que este tribunal esté en posición de decidir correctamente los casos, debe contar con un expediente completo y claro de las controversias que tiene ante sí. *Soto Pino v. Uno Radio Group, supra.* En tal sentido,

el apelante tiene la obligación de perfeccionar el recurso de acuerdo con las leyes y el Reglamento del Tribunal de Apelaciones, *supra*, y de colocar a este Tribunal en posición de aquilatar y justipreciar el error planteado. *Morán v. Martí, supra.* "**[E]l craso incumplimiento con estos requisitos impide que el recurso se perfeccione adecuadamente[,] privando de jurisdicción al foro apelativo**". *Íd.* (Énfasis nuestro).

Es menester puntualizar que el hecho de que las partes comparezcan por derecho propio, por sí solo, no justifica su incumplimiento con las reglas procesales. *Febles v. Romar*, 159 DPR 714, 722 (2003).

### B. Cosa Juzgada

La doctrina de cosa juzgada tiene el propósito de finalizar los litigios que fueron adjudicados de forma definitiva y, de este modo, "garantizar la certidumbre y seguridad de los derechos declarados mediante una resolución judicial para evitar gastos adicionales al Estado y a los litigantes". *Presidential v. Transcaribe*, 186 DPR 263, 273-274 (2012); *PR Wire Prod. v. C. Crespo & Assoc.*, 175 DPR 139, 151 (2008). Así, esta defensa tiene el efecto de evitar que se relitiguen asuntos que fueron o que pudieron litigarse y adjudicarse en el pleito anterior. *Parrilla v. Rodríguez*, 163 DPR 263, 268 (2004). Según el Artículo 1204 del Código Civil de 1930, "la presunción de cosa juzgada sólo tendrá efecto si existe la más perfecta identidad de las cosas, las causas, las personas de los litigantes y la calidad con que lo fueron". *Presidential v. Transcaribe, supra*, pág. 274.

El requisito de la identidad de cosas significa que el segundo pleito versa sobre el mismo asunto adjudicado en el primer pleito, aunque las cosas se hayan disminuido o alterado. *Rodríguez Rodríguez v. Colberg Comas*, 131 DPR 212, 220 (1992). Es decir, existe identidad de las cosas "cuando un juez, al hacer una determinación, se expone a contradecir el derecho afirmado en una

decisión anterior". *Presidential v. Transcaribe, supra,* págs. 274-275. Sobre el particular, hay que evaluar no sólo la cosa sobre la cual se origina la controversia, sino también el planteamiento jurídico que se genera en torno a ella". Íd., pág. 275. En cuanto al requisito de identidad de las causas, existe cuando los hechos y fundamentos de las peticiones son idénticos en lo que afecta la cuestión planteada. Íd. En otras palabras, al determinar si existe identidad de causas debemos analizar si ambas reclamaciones se basan en la misma transacción o núcleo de hechos. Íd. Por otro lado, este requisito "exige que la parte demandante acumule en un pleito todas las posibles teorías legales en virtud de las cuales podría tener derecho a un remedio y que surjan de los mismos hechos transaccionales". *Martínez Díaz v. ELA,* 182 DPR 580, 586 (2011). Lo anterior, ya que el efecto de cosa juzgada aplica no solamente a las reclamaciones alegadas en la demanda, sino también a todas aquellas que pudieron acumularse. Íd

**II.**

El escrito de apelación presentado por el señor Mounier incumplió sustancialmente con los requisitos de la Regla 16 del Tribunal de Apelaciones, *supra,* R. 16, cuya observancia es necesaria para el perfeccionamiento del recurso que presentó ante nos. A saber, el escrito no contiene una referencia a la sentencia cuya revisión se solicita, ni una relación fiel y concisa de los hechos procesales e importantes del caso. Asimismo, el apelante no incluyó la Sentencia apelada, un señalamiento de los errores que entendió que cometió el TPI, no los discutió, ni hizo referencia al derecho aplicable. De esta forma, no contamos con un expediente completo ni claro de las controversias que el apelante presentó ante este foro. Por ello, la omisión del señor Mounier de cumplir con requisitos meritorios sobre el contenido del recurso, constituyó un impedimento para que

ejerzamos nuestra función revisora y privó de jurisdicción a este foro apelativo. Véase Morán *v. Martí, supra.*[3]

**III.**

Por las razones que anteceden, se desestima el recurso por craso incumplimiento con las disposiciones del Reglamento del Tribunal de Apelaciones.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[3] A pesar de que lo anterior sería suficiente para disponer del caso, decidimos examinar los expedientes en los casos CA2024CV00641 (408) y CA2024CV02823. Este ejercicio nos permite concluir que el foro primario no se equivocó en su Sentencia de 18 de septiembre de 2024 al decretar la desestimación de la demanda por constituir cosa juzgada. La parte apelante instó una demanda previa por los mismos hechos y causas de acción en contra de la misma parte y el 12 de julio de 2024 un Tribunal con jurisdicción emitió una Sentencia, la cual advino en final y firme, en la que dispuso de la controversia. Pretender continuar con este proceso, de forma injustificada, es precisamente lo que persigue evitar la doctrina de cosa juzgada. Conforme a nuestro ordenamiento, el apelante debió haber recurrido de esa primera determinación adversa. Sin embargo, no lo hizo. Conforme fuera correctamente determinado por el TPI, la demanda que originó el asunto ante nuestra consideración es cosa juzgada.