ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL I

| THOMAS HELFELD ARMENTEROS, MARINILDA SANTINI MARTÍN, y la sociedad legal de bienes gananciales compuesta por ambos,<br><br>Apelante,<br><br>v.<br><br>IVELISSE COLÓN DELGADO,<br><br>Apelada. | TA2025AP00315 | APELACIÓN procedente del Tribunal de Primera Instancia, Sala Superior de Orocovis, Región Judicial de Aibonito.<br><br>Civil núm.: OR2024CV00080.<br><br>Sobre: nulidad de sentencia y desalojo de propiedad. |
|---|---|---|

Panel integrado por su presidente, el juez Sánchez Ramos, la jueza Romero García y el juez Pérez Ocasio.

Romero García, jueza ponente.

## SENTENCIA

En San Juan, Puerto Rico, a 22 de octubre de 2025.

Comparece la parte apelante, Thomas Helfeld Armenteros, Marinilda Santini Martín y la sociedad legal de bienes gananciales compuesta por ambos (esposos Helfeld-Santini), y nos solicita que revisemos la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Orocovis, el 4 de agosto de 2025, notificada al día siguiente. Mediante el referido dictamen, el foro *a quo* declaró con lugar la moción de desestimación presentada por la parte apelada, la señora Ivelisse Colón Delgado (señora Colón Delgado). En consecuencia, desestimó con perjuicio la demanda sobre nulidad de sentencia y desahucio instada por los apelantes.

Por los fundamentos que se exponen a continuación, se **confirma** la *Sentencia* apelada.

I

El 20 de marzo de 2024, los esposos Helfeld-Santini presentaron una demanda sobre nulidad de sentencia y desalojo de propiedad contra la

señora Colón Delgado[1]. En síntesis, solicitaron el desalojo de una estructura residencial enclavada en una finca de su propiedad, la cual alegan ha sido poseída de mala fe por la apelada. También, solicitaron la nulidad de varias sentencias dictadas previamente por el foro primario, en las que se confirmó que los señores Juan Colón Pérez y Ruth Delgado Mojica, padres fallecidos de la apelada, eran edificantes de buena fe de la estructura residencial antes mencionada, por lo que se les debía compensar por el valor de esta, en caso de que se hiciera uso del derecho de accesión. Sostienen los apelantes que tales dictámenes fueron contrarios a derecho.

El 20 de junio de 2024, la señora Colón Delgado fue emplazada personalmente, entregándosele además un pliego de interrogatorios, un pliego de producción de documentos, y un requerimiento de admisiones[2]. Consecuentemente, el 28 de junio de 2024, la parte apelada presentó una moción mediante la cual solicitó una prórroga de treinta (30) días para formular su alegación responsiva, así como para formular sus contestaciones a los mecanismos de descubrimiento de prueba que le habían sido notificados[3]. A tales efectos, el 9 de julio de 2024, el foro primario notificó una orden por virtud de la cual concedió a la apelada una prórroga de veinte (20) días para presentar su alegación responsiva[4].

El 2 de agosto de 2024, la señora Colón Delgado presentó su contestación a la demanda[5]. En esta, negó todas las alegaciones en su contra y planteó sus defensas afirmativas, entre ellas, que las sentencias impugnadas eran válidas, finales, firmes e inapelables, por lo que los apelantes se encontraban impedidos de reabrir controversias ya

---

[1] *Véase*, apéndice del recurso, entrada núm. 1, SUMAC TA. La demanda fue enmendada el 11 de junio de 2024, a los únicos efectos de incluir los anejos omitidos en la entrada original.

[2] *Íd.*, entrada núm. 10.

[3] *Íd.*, entrada núm. 11.

[4] *Íd.*, entrada núm. 13.

[5] *Íd.*, entrada núm. 18.

adjudicadas. Simultáneamente, sostuvo que era una edificante de buena fe.

En la misma fecha, la parte apelada presentó una moción de desestimación[6] con perjuicio de la demanda, debido a que esta no contenía una reclamación que justificase la concesión de un remedio, pues sus alegaciones constituían cosa juzgada.

El 2 de agosto de 2024, además, la señora Colón Delgado solicitó una segunda prórroga de treinta (30) días para contestar los mecanismos de descubrimiento de prueba que le habían sido cursados[7]. El 5 de agosto de 2024, el foro apelado emitió dos (2) órdenes consecutivas, por virtud de las cuales concedió la prórroga solicitada por la parte apelada, así como un término de veinte (20) días para que los esposos Helfeld-Santini se expresaran sobre la moción de desestimación presentada por la señora Colón Delgado[8].

Al día siguiente, la parte apelante presentó una moción intitulada *Moción en oposición a la solicitud de desestimación del caso y solicitud de la parte demandante para que se dicte sentencia sumaria*[9]. En ella, reprodujo y amplió los mismos argumentos contenidos en su demanda.

El 22 de agosto de 2024, la señora Colón Delgado presentó su correspondiente oposición a la moción de sentencia sumaria presentada por los apelantes, en la que reiteró sus alegaciones[10].

El 5 de septiembre de 2024, los apelantes presentaron una moción mediante la cual solicitaron que se diera por admitido el requerimiento de admisiones al amparo de la Regla 33 de Procedimiento Civil, 32 LPRA Ap. V. No obstante, en la misma fecha, la parte apelada informó al foro primario

---

[6] *Véase*, apéndice del recurso, entrada núm. 19, SUMAC TA.

[7] *Íd.*, entrada núm. 20.

[8] *Íd.*, entrada núm. 22. *Véase*, además, entrada núm. 23, SUMAC TPI.

[9] *Véase*, apéndice del recurso, entrada núm. 24, SUMAC TA.

[10] *Íd.*, entrada núm. 26.

haber remitido las contestaciones a todos los mecanismos de descubrimiento de prueba que le habían sido cursados[11].

Así las cosas, el 17 de septiembre de 2024, la señora Colón Delgado presentó una segunda moción de desestimación, en la que reafirmó los argumentos de su primera solicitud[12].

Por su parte, el 15 de octubre de 2024, los esposos Helfeld-Santini presentaron su correspondiente oposición al referido escrito[13]. A estos efectos, el 28 de octubre de 2024, el foro primario notificó una orden mediante la cual informó que emitiría su determinación por escrito[14].

El 4 de agosto de 2025, notificada el 5 de agosto de 2025, el Tribunal de Primera Instancia emitió la *Sentencia* objeto de este recurso[15]. Mediante el referido dictamen, el foro primario determinó que las sentencias previas reafirmaban de manera final y firme los asuntos sobre la determinación de edificantes de buena fe, así como del valor y derecho de compensación que asistía a la señora Colón Delgado. Por tal razón, concluyó que reabrir dichas controversias, resueltas de manera final y firme, sería contrario a nuestro ordenamiento jurídico. En consecuencia, desestimó con perjuicio la demanda enmendada presentada por los apelantes.

En desacuerdo, el 12 de agosto de 2025, los esposos Helfeld-Santini presentaron una moción en solicitud de determinaciones adicionales al amparo de la Regla 43.2 de Procedimiento Civil, 32 LPRA Ap. V[16]. Posteriormente, el 18 de agosto de 2025, presentaron una moción de reconsideración[17].

---

[11] *Véase*, apéndice del recurso, entrada núm. 34, SUMAC TA.

[12] *Íd.*, entrada núm. 37. Esta solicitud fue presentada como consecuencia de una segunda enmienda a la demanda instada por la parte apelante el 5 de septiembre de 2024.

[13] *Íd.*, entrada núm. 44.

[14] *Íd.*, entrada núm. 45.

[15] *Íd.*, entrada núm. 46.

[16] *Íd.*, entrada núm. 47.

[17] *Íd.*, entrada núm. 49.

El 19 de agosto de 2025, la señora Colón Delgado presentó, consecutivamente, sus correspondientes oposiciones a las mociones presentadas por los apelantes[18]. Asimismo, en la misma fecha, los apelantes presentaron una réplica a estos últimos escritos[19].

Inconformes con el proceder del foro primario, y sin que este último adjudicara las mociones presentadas post sentencia, el 28 de agosto de 2025, los apelantes instaron un recurso de apelación. Sin embargo, el 3 de septiembre de 2025, emitimos una *Sentencia*, por virtud de la cual desestimamos el recurso por haberse presentado de manera prematura.

Así las cosas, el 4 de septiembre de 2025, el Tribunal de Primera Instancia emitió una resolución interlocutoria mediante la cual declaró sin lugar la moción en solicitud de determinaciones adicionales ante su consideración[20]. En esa misma fecha, el foro apelado emitió otra resolución, por virtud de la cual también declaró sin lugar la moción de reconsideración presentada por los apelantes[21].

En consecuencia, los apelantes instaron este recurso de apelación el 8 de septiembre de 2025, y señalaron la comisión de los siguientes errores:

> Erró el TPI al no aplicar al caso la doctrina de justiciabilidad según la interpretación jurisprudencial del TS.
>
> Erró el TPI al no aplicar la figura de la prescripción extintiva de la deuda, de existir la misma al presente caso.
>
> Erró el TPI al no aplicar la amplia doctrina jurisprudencial sobre la figura de la desestimación de los procesos judiciales establecida por nuestro Tribunal Supremo.
>
> Erró el TPI al declarar no ha lugar la determinación de la parte demandante de dar por admitidos los requerimientos de admisión en contra de lo establecido en las reglas de procedimiento civil y la jurisprudencia interpretativa de la regla 33 sobre requerimiento de admisiones.

---

[18] *Véase*, apéndice del recurso, entradas núm. 50 y 51, SUMAC TA.

[19] *Íd.*, entrada núm. 52.

[20] *Íd.*, entrada núm. 60.

[21] *Íd.*, entrada núm. 61.

Por su parte, el 8 de octubre de 2025, la señora Colón Delgado presentó su alegato en oposición[22].

Con el beneficio de la comparecencia de las partes, resolvemos.

II

A

Tal cual señala el Tribunal Supremo de Puerto Rico en *Municipio de San Juan v. Bosque Real, S.E.*, 158 DPR 743, 769 (2003), la doctrina de cosa juzgada, de origen romano, tenía base estatutaria en el Art. 1204 del Código Civil de Puerto Rico, 31 LPRA sec. 3343[23]. Por ello, en nuestro acervo jurídico, la presunción de cosa juzgada se rige por los postulados del Derecho Civil. *Acevedo v. Western Digital Caribe, Inc.*, 140 DPR 452, 464 (1996).

Así pues, conforme a la doctrina civilista y al precitado artículo del Código Civil, para que se active la presunción de cosa juzgada en otro juicio, "[…] es necesario que entre el caso resuelto por la sentencia y aquél en que esta sea invocada, concurra la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad con que lo fueron." Añade el Tribunal Supremo:

> La doctrina está fundamentada en el interés del Estado en ponerle fin a los litigios y en proteger a los ciudadanos para que no se les someta en múltiples ocasiones a los rigores de un proceso judicial. *Pérez v. Bauzá*, 83 D.P.R. 220, 225 (1961). El efecto de la aplicación de esta doctrina es que la sentencia emitida en un pleito anterior impide que se litiguen posteriormente, entre las mismas partes y sobre las mismas causas de acción y cosas, las controversias ya litigadas y adjudicadas, y aquellas que se pudieron haber litigado. *Pagán Hernández v. U.P.R.*, 107 D.P.R. 720, 732-33 (1978); *Mercado Riera v. Mercado Riera*, 100 D.P.R. 940, 950 (1972).

---

[22] En su alegato, la parte apelada planteó que este Tribunal carecía de jurisdicción para atender el recurso debido a que los apelantes instaron el mismo tardíamente, toda vez que no interrumpieron el término para apelar al no presentar sus mociones post sentencia de manera conjunta, como ordena la Regla 43.1 de Procedimiento Civil, 32 LPRA Ap. V. Sin embargo, los apelantes presentaron su moción de reconsideración dentro del término reglamentario, por lo que interrumpieron oportunamente el término jurisdiccional para apelar.

[23] El Código Civil de Puerto Rico, Ed. 1930, fue derogado efectivo el 28 de noviembre de 2020, por el Código Civil de Puerto Rico de 2020, Ley Núm. 55 de 1 de junio de 2020. Aunque la doctrina de cosa juzgada no está regulada en el Código Civil de 2020, como lo estuvo en el Código Civil de 1930, la misma se mantiene vigente conforme a la jurisprudencia. Por tanto, citamos el Código Civil de 1930, con el fin de explicar la doctrina de cosa juzgada.

*Municipio de San Juan v. Bosque Real, S.E.*, 158 DPR, a las págs. 769-770.

Basado en esos mismos propósitos, el Tribunal Supremo de Puerto Rico ha reconocido otra modalidad de la doctrina de cosa juzgada, en la que no resulta necesaria la identidad de las causas. Esta es la figura jurídica del impedimento colateral por sentencia. *A & P Gen. Contractors v. Asoc. Caná*, 110 DPR 753 (1981). Ella surte efecto cuando un hecho esencial para el pronunciamiento de una sentencia se dilucida y determina mediante sentencia válida y final. Como resultado, tal determinación es concluyente en un segundo pleito entre las mismas partes, aunque estén envueltas causas de acción distintas[24]. *Íd.*, a la pág. 762. Véase, además, *Vidal v. Monagas*, 66 DPR 622 (1946). Es decir, la referida modalidad impide que se litigue en un litigio posterior un hecho esencial que fue adjudicado mediante sentencia final en un litigio anterior. *Landrau Cabezudo y otros v. Autoridad,* 2025 TSPR 7, 215 DPR ___ (2025); *P. R. Wire Prod. v. C. Crespo & Asoc.*, 175 DPR 139, 153 (2008).

Cual citado, el Art. 1204 del Código Civil derogado exige la identidad entre las cosas, las causas y las personas de los litigantes. En primer lugar, cuando la doctrina de cosa juzgada alude a la identidad entre las *cosas*, se refiere al "objeto o materia sobre la cual se ejercita la acción". *Lausell Marxuach v. Díaz de Yáñez*, 103 DPR 533, 535 (1975). Es decir, el objeto de una demanda.

En *A & P Gen. Contractors v. Asoc. Caná*, el Tribunal Supremo, siguiendo la doctrina civilista, nos instruye a formularnos la siguiente pregunta para determinar si existe o no identidad de cosas: si al tomar una determinación sobre el objeto de una demanda en el caso ante nuestra consideración, nos exponemos a contradecir una decisión anterior en

---

[24] En el caso de *A & P Gen. Contractors*, el Tribunal Supremo reconoce que la figura del impedimento colateral por sentencia o *colateral estoppel by judgment* fue adoptada del derecho anglosajón. No obstante, también concluye que dicha figura es armonizable y debe ser tratada como una modalidad de la doctrina de cosa juzgada civilista. 110 DPR, a la pág. 763. Véase, además, lo apuntado por el Tribunal Supremo en el caso de *Martínez Díaz v. E.L.A.*, 182 DPR 580, 584-589 (2011), sobre el tema de la aplicación interjurisdiccional de la doctrina de cosa juzgada *vis à vis* la aplicación de la modalidad de impedimento colateral por sentencia.

cuanto al mismo objeto. *A & P Gen. Contractors v. Asoc. Caná*, 110 DPR, a las págs. 764-765.

En cuanto a la identidad de *causa*, esta se refiere a la razón o motivo de pedir; significa el fundamento u origen de las cuestiones planteadas y resueltas. *Íd.*, a la pág. 765. El requisito de identidad de causas se constituye cuando la nueva acción esté como embebida en la primera o fuese consecuencia inseparable de la misma. *Acevedo v. Western Digital Caribe, Inc.*, 140 DPR, a la pág. 464.

Con referencia al requisito de la identidad de las personas de los litigantes, el mismo se rige por la doctrina de la mutualidad. *Íd.*, a la pág. 465[25]. Ello implica que las partes litigantes deben haber sido las mismas en ambos pleitos, el original y el segundo, o se hallaren en una relación mutua. *Pol Sella v. Lugo Christian*, 107 DPR 540, 550 (1978).

Ahora bien, el Tribunal Supremo se ha negado a aplicar la doctrina de cosa juzgada de forma automática o de manera rígida. A modo ilustrativo, ha declinado aplicarla para evitar una injusticia o cuando se plantean consideraciones de interés público, aun cuando concurran los requisitos antes discutidos[26]. No obstante, ello no implica que las excepciones a su aplicación se van a aplicar liberalmente; por el contrario, las excepciones a la aplicación de la doctrina de cosa juzgada no se favorecen, pues se puede afectar la finalidad de las controversias adjudicadas y, por ende, el buen funcionamiento del sistema judicial. *P. R. Wire Products v. C. Crespo & Assoc.*, 175 DPR, a la pág.152, que cita a *Parrilla v. Rodríguez*, 163 DPR 263, 271 (2004).

### III

Una lectura integral de los argumentos de los apelantes esposos Helfeld-Santini refleja que los mismos se reducen, principalmente, a una controversia principal subyacente. En esencia, la parte apelante emplea

---

[25] *Véase*, además, *Pol Sella v. Lugo Christian*, 107 DPR, a la pág. 550; *A & P Gen. Contractors v. Asoc. Caná*, 110 DPR, a la pág. 762.

[26] Inclusive, el Tribunal Supremo ha caracterizado ese *interés público*, como "intereses públicos mayores", que así lo ameriten. *S.L.G. Szendrey-Ramos v. Consejo Titulares*, 184 DPR 133, 154 (2011); *Méndez v. Fundación*, 165 DPR 253, 268 (2005).

una serie de contenciones predicadas en las determinaciones previamente hechas por el foro primario sobre la figura del edificante de buena fe, así como sobre el valor y el derecho de compensación que le asiste a este tipo de edificante cuando el dueño de una propiedad decide ejercer su derecho de accesión.

A estos efectos, en sus primeros tres (3) señalamientos de error, los apelantes aducen que el Tribunal de Primera Instancia erró al no aplicar la doctrina de justiciabilidad, ni aquella sobre la prescripción extintiva de la deuda o la doctrina jurisprudencial sobre la desestimación para la ventilación de sus casos. Sobre esto, aducen que el foro primario incidió al dictar sentencia en el caso B4CI2001-00423, en lugar de desestimarlo, pues los allí demandantes carecían de legitimación activa. Arguyen que la falta de legitimación de estos provenía de su presunta condición de edificantes de mala fe.

Además, sostienen que el foro apelado se equivocó y abusó de su discreción, en su momento, por no tomar en consideración lo resuelto por este Tribunal sobre las mejoras hechas a la estructura posterior al año 1996, las cuales no estarían cubiertas por la figura de la buena fe. Alegan que, a base de estos mismos argumentos, el foro apelado erró al dictar su sentencia en el caso OR2023CV00175.

Por otro lado, sostienen que la presunta imposición de una deuda a favor de la señora Colón Delgado, siendo sus padres fallecidos unos edificantes de mala fe, resultó ser una actuación *ultra vires*. Sin embargo, alternativamente, arguyen que, de ser legal la presunta deuda, la misma se encuentra prescrita pues ni la apelada ni sus padres reclamaron su pago dentro de los plazos que establece nuestro ordenamiento jurídico.

Por último, sostienen que el foro primario erró al desestimar el caso que motiva el presente recurso, pues alegan que nuestro ordenamiento jurídico favorece la dilucidación de los casos en sus méritos.

Por su parte, la señora Colón Delgado reseñó las determinaciones del foro primario a través del curso de los años, y aduce que estas les

reconocen a sus padres fallecidos el título de dominio sobre la edificación en controversia, y que la modificación que hizo el Tribunal de Apelaciones se refiere a aquellas mejoras posteriores al año 1995, que no estén relacionadas al mantenimiento de la unidad de vivienda.

Arguye que todas las sentencias previamente dictadas a tales efectos son finales, firmes e inapelables, por lo que constituyen cosa juzgada, de manera que los esposos Helfeld-Santini se encuentran impedidos de reabrir controversias ya adjudicadas. Sostiene que la parte apelante ha intentado continuar la litigación de las controversias sobre la figura de edificante de buena fe, que les cobija tanto a ella como a sus padres fallecidos. Sobre esto, añade que ninguna de las sentencias impugnadas fue objeto de reconsideración ni de recurso alguno de apelación.

En cuanto al asunto de la presunta imposición de una deuda, la parte apelada arguye que tal cuantía corresponde al valor de la estructura según calculado para el año 2003, el cual fue recogido en un presunto acuerdo judicial, en caso de que los apelantes ejercieran su derecho de accesión para adquirir la propiedad antes de finalizar el año fiscal del 2006. Igualmente, sostiene que tal determinación es una final, firme e inapelable.

Por último, alega que el foro apelado hizo una evaluación de todos los casos previamente litigados entre las partes, los cuales cuentan con seis (6) sentencias finales, firmes e inapelables. Por tal razón, afirma que el foro primario desestimó el caso luego de concluir que no existe controversia por resolver por existir un impedimento colateral por sentencia.

Los argumentos esbozados por la señora Colón Delgado nos persuaden. Nótese que, en este caso, las partes litigantes cuentan con un total de cinco (5) sentencias finales, firmes e inapelables del Tribunal de Primera Instancia, que datan del 1995, hasta su dictamen más reciente, del 2023. En todos estos casos, las partes litigantes han sido los propios

apelantes, los señores Juan Colón Pérez y Ruth Delgado Mojica, y su ahora causahabiente, la señora Colón Delgado.

Aun cuando estos casos se han instado bajo diferentes causas de acción, surge que la controversia de estos casos versa principalmente sobre la estructura residencial construida por los padres de la señora Colón Delgado en el predio de terreno del cual los esposos Helfeld-Santini son dueños.

Este Tribunal pudo constatar que, tal como expuso la parte apelada, todas las sentencias dictadas por el Tribunal de Primera Instancia determinan y confirman que los primeros son edificantes de buena fe, por lo que tienen derecho a que se les compense el valor de tal edificación al momento en que los apelantes decidan hacer uso de su derecho optativo de accesión para hacer suya tal estructura.

En la medida en que ninguna de estas sentencias fue impugnada mediante los mecanismos oportunos e idóneos, los esposos Helfeld-Santini se encuentran, en efecto, impedidos de impugnar y litigar nuevamente la condición de buena fe que cobija a la señora Colón Delgado, como causahabiente de sus padres. En igual condición se encuentran los apelantes para impugnar el método que deben emplear para adquirir la edificación objeto del litigio, la cual continúa siendo, hasta tal momento, propiedad de la parte apelada[27].

El mero hecho de que los apelantes hayan instado una acción sobre nulidad de estas sentencias no altera nuestra conclusión. Después de todo, las alegaciones esbozadas por la parte apelante reiteran de manera temeraria los mismos argumentos que por años han planteado sobre la presunta mala fe de los edificantes, y la presunta ilegalidad del valor de construcción fijado por el foro primario en su momento. Ninguno de estos argumentos expone válidamente razón alguna por la que tales determinaciones finales y firmes fueron erróneas o contrarias a derecho.

---

[27] Véase, *Berrocal v. Tribl. de Distrito*, 76 DPR 38, 61 (1954).

Por tal razón, opinamos que el foro primario no cometió ninguno de los errores señalados al desestimar la causa de acción que motiva este recurso. Después de todo, cual citado, nuestro ordenamiento jurídico promueve el fin de los litigios, de manera que se proteja a los ciudadanos de someterlos en múltiples ocasiones a los rigores de un proceso judicial para litigar la misma causa. En la medida en que los apelantes Helfeld-Santini vuelven a impugnar determinaciones que constituyen claramente cosa juzgada en su modalidad de impedimento colateral por sentencia, el foro primario no tenía ante sí una reclamación que justificara la concesión de un remedio, por lo que procedía su desestimación.

Por último, los esposos Helfeld-Santini aducen que el foro apelado erró al declarar sin lugar su solicitud para que se dieran por admitidos los requerimientos de admisiones cursados a la parte apelada. Sobre esto, sostienen que la señora Colón Delgado no contestó los mismos dentro del término que prescribe la Regla 33 de Procedimiento Civil, por lo que estos debieron quedar admitidos de manera automática.

Un examen sosegado del expediente judicial demuestra que a los apelantes no les asiste la razón. Tal como arguye la parte apelada, surge que esta solicitó de manera oportuna las prórrogas que entendía necesarias para cumplir con los mecanismos de prueba que le fueron cursados. Ninguna de estas prórrogas fue denegada por el Tribunal de Primera Instancia. De igual manera, no podemos obviar que la referida regla procesal, en efecto, dispone que las admisiones también pueden depender del término que el tribunal conceda, y no se circunscribe exclusivamente al término de veinte (20) días que dispone la misma.

Por tal razón, no podemos sino coincidir con la parte apelada en cuanto a que el foro primario no cometió el error señalado al denegar la solicitud de la parte apelante.

IV

Por virtud de los fundamentos antes expuestos, confirmamos la sentencia apelada.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones